**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SANDER STAGMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 17 C 3451 |
| ) | |
| BEVERLY BANK & TRUST, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST EVE, District Court Judge:

On May 8, 2017, pro se Plaintiff Sander Stagman brought the present lawsuit against Beverly Bank & Trust, Wintrust Financial Corporation, Way Hummer Trust Company, and certain Beverly Bank employees ("Beverly Defendants"); Illinois Attorney General Lisa Madigan and Circuit Court of Cook County Judges Allen P. Walker and Timothy C. Evans ("State Defendants"); and the law firm Chuhak & Tecson, P.C. and a Chuhak attorney, Francisco Connell ("Chuhak Defendants"). In his Complaint, pro se Plaintiff alleges claims based on fraud, the constitution, conspiracy, defamation, and perjury seeking $27,500,000 in compensatory and punitive damages. Pro se Plaintiff also paid the filing fee of $400 on May 8, 2017.

Before the Court are the Beverly Defendants', the State Defendants', and the Chuhak Defendants' motions to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants Defendants' motions with prejudice. [20, 29, 32]. Likewise, the Court denies pro se Plaintiff's motion to dismiss Defendants'

motions to dismiss for the same reasons. [38]. The Court dismisses this lawsuit in its entirety. Civil case terminated.

## LEGAL STANDARDS

### I. Rule 12(b)(6)

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union,* 850 F.3d 861, 863 (7th Cir. 2017). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

### II. Rule 12(b)(1)

The standard the Court employs on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443-44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded

factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Lardas v. Grcic,* 847 F.3d 561, 565 (7th Cir. 2017); *Silha v. ACT, Inc.,* 807 F.3d 169, 173 (7th Cir. 2015). If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital,* 572 F.3d at 444 ("a factual challenge lies where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.") (emphasis in original) (citation omitted); *see also Remijas v. Neiman Marcus Grp., LLC,* 794 F.3d 688, 691 (7th Cir. 2015). "The party invoking federal jurisdiction bears the burden of demonstrating its existence." *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 617 (7th Cir. 2012).

## BACKGROUND[1]

Construing pro se Plaintiff's allegations liberally, *see Parker v. Four Seasons Hotels, Ltd.,* 845 F.3d 807, 811 (7th Cir. 2017), he alleges claims based on fraud, the constitution, perjury, conspiracy, and defamation and seeks $27,500,000 in compensatory and punitive damages, plus attorney's fees and costs. Pro se Plaintiff's claims stem from a mortgage foreclosure action that Beverly Bank filed in the Circuit Court of Cook County, Illinois, *Beverly BankTrust Co. v. Faulkner, et al.*, Case No. 2013 CH 07339, and other litigation involving the mortgage foreclosure. The present lawsuit has considerable overlap with pro se Plaintiff's earlier-filed federal lawsuit Case No. 16 C 6043 in which District Judge Alonso dismissed Plaintiff's claims for lack of subject matter jurisdiction and for failing to state a claim. Judge Alonso entered final judgment in that action on March 24, 2017.

---

[1] The Court takes judicial notice of the state and federal court proceedings involving the parties to the present lawsuit. *See Ewell v. Toney,* 853 F.3d 911, 917 (7th Cir. 2017).

3

Pro se Plaintiff's earlier lawsuit stemmed from the same mortgage foreclosure action in the Circuit Court of Cook County, Case No. 2013 CH 07339, over which Defendant Cook County Judge Walker presided. (16 C 6043, R. 81, Mem. Op, Order, at 1.) The Cook County mortgage foreclosure action involved two notes for a total of $151,997.34 that were secured by a July 30, 2010 mortgage on real property at 10221 S. Western Avenue in Chicago. After pro se Plaintiff defaulted on the loans, Beverly Bank filed the foreclosure action. In July 2015, Judge Walker entered an order approving the report of sale and distribution, confirmed the sale, and ordered possession. Pro se Plaintiff did not appeal this ruling to the Illinois Appellate Court.

In the present Complaint, pro se Plaintiff alleges fraud, perjury, defamation, and constitutional claims against Defendants Michael Johnstone and Dennis McClelland, Beverly Bank's CEO and Vice President, respectively, in Count I. In Count II, Plaintiff brings claims against Defendants Johnstone, McClennan, Beverly Bank, and James Noonan, outside counsel for Beverly Bank, alleging deceit and fraud in relation to Defendants taking his automobile from him. In Count III, Plaintiff brings a perjury claim against Defendant Beverly Bank and Defendant Connell. In Count IV, Plaintiff contends that by filing the foreclosure action, the Beverly Defendants committed fraud and violated his due process rights.

**ANALYSIS**

**I.    Rooker-Feldman Doctrine**

Defendants first argue that the Court does not have subject matter over certain aspects of pro se Plaintiff's Complaint and the relief he seeks based on the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.,* 852 F.3d 669, 675 (7th Cir. 2017); *see also*

4

*Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir. 2012). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine" but "even federal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may be subject to *Rooker-Feldman* if those claims are closely enough related to a state-court judgment." *Mains*, 852 F.3d at 675; *see also Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). As such, the question is "whether the federal plaintiff is alleging that his injury was caused by the state-court judgment," because "if the claim alleges an injury independent of the state-court judgment that the state court failed to remedy, *Rooker-Feldman* does not apply." *Mains,* 852 F.3d at 675. The rationale behind the *Rooker-Feldman* doctrine is that "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown,* 668 F.3d at 442 (citation omitted). A state court litigant seeking review of a state court judgment, therefore, "must follow the appellate process through the state court system and then directly to the United States Supreme Court." *Kelley v. Med–1 Solutions, LLC,* 548 F.3d 600, 603 (7th Cir. 2008).

Under this standard, pro se Plaintiff's attempt to invalidate or negate the state court foreclosure judgment is barred by the *Rooker-Feldman* doctrine. In particular, in Count IV, Plaintiff alleges that Defendants' fraudulent conduct obviates the judgments, garnishments, and any levy in the foreclosure action. Plaintiff's request for relief directly seeks to set aside the state court foreclosure judgment, and thus the Court does not have subject matter jurisdiction to consider Count IV. *See Mains*, 852 F.3d at 675; *Bergquist v. Mann Bracken, LLP*, 592 F3d 816, 817-18 (7th Cir. 2010); *see also Stagman v. Evans*, No. 16 C 6043, 2017 WL 1105491, at *2 (N.D. Ill. Mar. 24, 2017). Accordingly, the Court grants Defendants' Rule 12(b)(1) motions to dismiss Count IV.

**II. Absolute Immunity/Personal Involvement**

In his Complaint, Plaintiff does not make any specific allegations against Cook County Judges Evans and Walker or Illinois Attorney General Madigan. Rather, he merely names them as Defendants in the Complaint's caption and mentions Illinois Attorney General Madigan's ability to protect consumers from bank fraud presumably in reference to the 2012 national foreclosure settlement. Nevertheless, turning to pro se Plaintiff's claims against Circuit Court of Cook County Judges Evans and Walker, it is well-established that judges "are entitled to absolute immunity from damages stemming from many of their official acts, no matter how erroneous or harmful." *Doermer v. Callen,* 847 F.3d 522, 530 (7th Cir. 2017). As the Supreme Court teaches, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted). Under this well-settled law, Judge Evans and Judge Walker are absolutely immune from this lawsuit.

As discussed, pro se Plaintiff has not alleged any specific conduct pertaining to Defendant Judges and Illinois Attorney General Madigan in relation to the claims he brings in this lawsuit, and thus he has failed to allege claims against these Defendants that are plausible on their face. *See Iqbal*, 556 U.S. at 678 (a complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Moreover, construing his allegations liberally, if Plaintiff is bringing constitutional claims against Defendants Evans, Walker, and Madigan as state actors, he has not alleged that these individuals had any direct, personal involvement or supervisory involvement as required to bring constitutional claims. *See Colbert v. City of Chicago*, 851 F.3d

6

649, 657 (7th Cir. 2017); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). The Court thus dismisses Defendants Evans, Walker, and Madigan from this lawsuit.

**III.     Constitutional Claims Against Non-State Actors**

In Count I, pro se Plaintiff contends that Defendants Johnstone and McClelland violated his First Amendment and due process rights under 42 U.S.C. § 1983. In Count IV, Plaintiff similarly alleges that certain Beverly Defendants violated his due process rights. To succeed on his constitutional claims brought pursuant to § 1983, Plaintiff must show: "(1) the deprivation of a right secured by the Constitution or federal law and (2) that defendants were acting under color of state law." *Wilson v. Warren Cnty., Illinois,* 830 F.3d 464, 468 (7th Cir. 2016). Beverly Bank is not a governmental entity, but a private bank, thus its employees are not government employees. *See London v. RBS Citizens, N.A.,* 600 F.3d 742, 746 (7th Cir. 2010) ("Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials."). Accordingly, for private actors like the Beverly Defendants to act under the color of state law, they must have reached an understanding with a state actor to deny Plaintiff's constitutional rights. *See Wilson*, 830 F.3d at 468. Here, Plaintiff has failed to allege any such understanding or joint action between the Beverly Defendants and a state actor. *See L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("The plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is "fairly attributable to the state."). Indeed, the Court has dismissed the state actors from this lawsuit. Therefore, the Court dismisses the constitutional claims alleged in Counts I and IV against the Beverly Defendants.

### IV. Perjury Allegations

In Count III, Plaintiff brings a perjury claim against Defendant Beverly Bank and Defendant Connell, an attorney with Chuhak & Tecson, P.C. Also, Plaintiff's allegations in Count I state that the Beverly Defendants committed perjury. Pro se Plaintiff's perjury claims fail because there is no federal or Illinois private cause of action for perjury. *See Skorychenko v. The Women's Cmty.*, No. 09-C-0109, 2009 WL 321272, at *3 (E.D. Wis. Feb. 9, 2009) ("Plaintiff's perjury allegations do not state a federal claim because there is no federal cause of action that would provide a remedy for isolated acts of perjury committed by private parties and their attorneys during state-court litigation."); *Michael Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, No. 92 C 3765, 1994 WL 695548, at *3 (N.D. Ill. Dec. 9, 1994) ("Illinois does not provide a private cause of action for perjury alone"); *LaBoy v. Zuley*, 747 F.Supp. 1284 (N.D. Ill. 1990) (federal criminal perjury statutes do not provide private cause of action). Therefore, the Court grants Defendants' motions as to Count III of the Complaint.

### V. Claim Preclusion

Last, the Court dismisses pro se Plaintiff's entire lawsuit based on the doctrine of claim preclusion due to Plaintiff's earlier federal lawsuit before Judge Alonso. *See Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."). Federal claim preclusion "promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly." *Palka v. City of Chicago,* 662 F.3d 428, 437 (7th Cir. 2011). "[C]laim preclusion[] bars claims that were litigated or could have been litigated in a previous proceeding when three elements are met: (1) identity of the parties or their privies between the two actions; (2) a final judgment on the merits

in an earlier proceeding; and (3) identity of the causes of action." *Arrigo v. Link*, 836 F.3d 787, 798-99 (7th Cir. 2016); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014).

Turning to the third claim preclusion requirement, Plaintiff's present Complaint mirrors the allegations in his earlier-filed federal lawsuit Case No. 16 C 6043. Specifically, in the earlier lawsuit, pro se Plaintiff alleged that Defendants deprived him of his property through malevolent and malicious means, engaged in a conspiracy to separate him from his real estate and personal property, including his automobile, denied him due process, committed perjury and violated his First Amendment rights. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011) (claims based on the same, or nearly the same, factual allegations fulfill identity of causes of action element). As to the second claim preclusion requirement, Judge Alonso's March 24, 2017 Memorandum Opinion and Order dismissing and terminating the 16 C 6043 lawsuit was a final judgment on the merits. Indeed, Judge Alonso entered final judgment on March 24, 2017. Last, the parties in the present lawsuit and this lawsuit are the same. To clarify, although Defendant Connell was not named in the caption of the 16 C 6043 Complaint, Plaintiff made the same allegations against Defendant Connell in that earlier action as he has in this case. In addition, although Plaintiff brings this lawsuit against Defendant Chuhak & Tecson, P.C. by listing it in the caption to his Complaint, he does not set forth any allegations of the law firm's misconduct, and thus he has not fulfilled the federal pleading standards. *See Iqbal*, 556 U.S. at 678 (a complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Moreover, a "plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

9

Based on Plaintiff's earlier federal lawsuit in Case No. 16 C 6043, he is precluded from bringing this lawsuit based on the doctrine of claim preclusion.

## CONCLUSION

For these reasons, the Court grants Defendants' motions brought pursuant to Rule 12(b)(6) in their entirety and denies Plaintiff's motion. Civil case terminated.

**Dated:** September 26, 2017

             **ENTERED**

             _____
             **AMY J. ST. EVE**
             **United States District Court Judge**